UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:20-CV-00137-JHM**

**CORE-MARK MIDCONTINENT, INC.**                           **PLAINTIFF**

**V.**

**BRA-NU ENTERPRISE, LLC d/b/a**                           **DEFENDANTS**
**EVANSTON MARATHON and PLEASANT**
**RIDGE MARATHON, et al.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or Transfer. [DN 8]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Defendants allegedly owe money to Plaintiff Core-Mark under a series of credit agreements between it and Defendants. [DN 1 ¶ 1]. Under the credit agreements, Defendants purchased goods to sell in their gas stations and food marts on credit extended by Core-Mark. [*Id.*]. The credit agreements include a forum-selection clause that says, "the parties agree that the jurisdiction and venue shall be in the State and County from which the good are shipped." [DN 6 at 5]. Core-Mark sued claiming breach of contract, promissory estoppel, unjust enrichment, and breach of guarantees. [DN 1]. Defendants move to dismiss the case for lack of personal jurisdiction and improper venue. In the alternative, Defendants move to transfer the case.

### II. DISCUSSION

**A. Enforceability of the Forum-Selection Clause**

Federal law governs the enforceability of a forum-selection clause in the Sixth Circuit. *Payment All. Int'l, Inc. v. Deaver*, No. 17-CV-693, 2018 WL 661491, at *4 (W.D. Ky. Feb. 1, 2018). When evaluating the enforceability of a forum-selection clause, the Court considers the

following factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* (citation omitted). "The party opposing the forum[-]selection clause bears the burden of showing that the clause should not be enforced." *Id.* (citation omitted).

Here, neither party opposes the forum-selection clause rather they disagree on where the forum-selection clause says jurisdiction and venue shall be. Defendants argue that under the clause "jurisdiction and venue are proper only in Hamilton County, Ohio." [DN 8 at 3]. Core-Mark responds that jurisdiction and venue are proper in this Court because "the goods at issue were all shipped from Core-Mark's Leitchfield, Kentucky facility." [DN 10 at 4]. While the location the goods were shipped from is not plead in the complaint, Core-Mark provided an affidavit that shows that the state and county the goods were shipped from was Grayson County, Kentucky. [DN 10-1 ¶¶ 3–4]. Defendants do not dispute this. The forum-selection clause is valid and under the clause the relevant county and state is Grayson County, Kentucky.

### B. Personal Jurisdiction

Parties may consent to the personal jurisdiction of a court via a forum-selection clause. *Preferred Cap., Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006). Having found the forum-selection clause enforceable, this Court has personal jurisdiction over this matter. Dismissal for lack of personal jurisdiction is **denied**.

### C. Improper Venue

28 U.S.C. § 1391 is the statute that governs venue for cases filed directly in federal court. *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 536 (6th Cir. 2002). Under § 1391(b) venue is

proper (1) in a judicial district where any defendant resides, so long as all defendants are residents of the district's state, (2) in the judicial district where a substantial part of the events giving rise to the claim occurred, or (3) if there are no such districts, in any judicial district where any defendant is subject to personal jurisdiction. "When considering whether an action is properly venued in a particular district under § 1391(b), courts may not consider the effect of a forum-selection clause." *Griffin v. Baker & Taylor, Inc.*, No. 5:12-CV-00103, 2013 WL 610957, at *3 (W.D. Ky. Feb. 19, 2013) (citation omitted). The plaintiff has the burden of showing that venue is proper. *Wood v. Dunn*, No. 10-CV-00092, 2010 WL 3259746, at *1 (W.D. Ky. Aug. 17, 2010). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Bruce v. Esper*, No. 19-CV-00037, 2020 WL 520598, at *1 (W.D. Ky. Jan. 31, 2020) (citation omitted)

Here, venue in Kentucky cannot be based on § 1391(b)(1) because the defendants reside in Ohio. [DN 1 ¶¶ 3–8]. However, Kentucky is where the goods originated from. [DN 10-1 ¶¶ 3–4]. Thus, venue can be based on § 1391(b)(2) because Kentucky is where a substantial part of the events giving rise to the claim occurred. In any event, Defendants only argument on venue is that the forum-selection clause dictates that the proper venue is Ohio. The Court does not consider the effect of the forum-selection clause here. Therefore, dismissal based on improper venue is **denied**.

### D. Transfer of Venue

In the alternative, Defendants move to transfer the case to the United States District Court for the Southern District of Ohio under 28 U.S.C. § 1404(a). [DN 8 at 3]. Section 1404(a) says, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer

the case to the forum specified in that clause." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Courts may only consider arguments about public-interest factors. *Id.* at 64. Under the forum-selection clause, the case is properly in the Western District of Kentucky. Thus, the motion to transfer is **denied**.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or Transfer [DN 8] is **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

November 12, 2020

cc: counsel of record